Dismissed and Memorandum Opinion filed August 12, 2004









Dismissed and Memorandum Opinion filed August 12,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00021-CV

____________

 

GEORGETTE TAYLOR, Appellant

 

V.

 

MICHELLE TAYLOR,
DEPENDENT ADMINISTRATRIX OF THE ESTATE OF GARY HOUSTON TAYLOR, Appellee

 



 

On Appeal from the Probate
Court No. 1

Harris County, Texas

Trial Court Cause No. 330,587-402

 



 

M E M O R A N D U M   O P I N I O N

Georgette Taylor (AGeorgette@) appeals from the
probate court=s denial of her application for turnover
relief and original petition.  In addition
to alleging a breach of contract claim, Georgette filed in her petition an
application asking the trial court to order Michelle Taylor, the administratrix
of her exhusband=s estate, to turnover corporate stock securing
a debt created by the couple=s divorce
decree.  We dismiss for want of
jurisdiction.








As part of Gary and Georgette=s divorce decree,
Gary Taylor was granted all of the common stock shares  of the ATaylor Upholstery
Supply Company.@  In
exchange, Georgette received an equitable judgment against Gary for
$225,000.00, which represented her interest in the corporation, i.e.,
the value of 49% of the common stock.  To
ensure payment of the judgment, Gary received the shares subject to Georgette=s security
interest.  At the time of Gary=s death, a portion
of the judgment remained unpaid. 

After Gary=s death, Georgette
and Michelle, Gary=s new wife, entered into a Rule 11 agreement
with regard to the administration of the estate.  Subsequently, Georgette filed a matured
secured claim on August 9, 2002, under section 306 of the Probate Code seeking
payment of the judgment=s outstanding balance.  This claim was rejected because it contained
defects of form.  A second claim was
filed in late September 2002.  It was
rejected by operation of law.  A third
claim was filed in April 2003, outside of the 90-day statute of limitations
provided by section 313 of the Probate Code. 
Georgette then filed her application for turnover relief and original
petition on May 28, 2003.  In her
original petition, Georgette (1) alleged a breach of contract cause of action
based upon Gary=s failure to make payments on the judgment
created by the divorce decree, and (2) sought a turnover order of 49% of the
common stock shares which secured the debt. 
The trial court held a hearing on October 16, 2003, where the parties
argued the merits of Georgette=s application for
turnover relief.  The following day,
October 17, 2003, Georgette filed a first amended petition.  In addition to seeking turnover relief,
Georgette asserted new causes of action for breach of the Rule 11 agreement and
conversion, sought a declaratory judgment, and prayed for attorney fees.[1]  On November 24, 2003, the trial court entered
an Aorder denying
plaintiff=s original petition and application for
turnover relief.@  








Georgette presents four points of error on
appeal.  Under points of error one, two,
and three, Georgette argues that section 313 of the Probate Code does not bar
her claim.  First, she asserts that her
claim falls within an exception to the Probate Code.  Second, Georgette argues she is entitled to
the stock because she holds superior title. 
As such, Georgette asserts that a claim based on superior title need not
be presented to the probate court, and even if presented, it is not subject to
the 90-day statute of limitations found in section 313.  In her final point of error, Georgette
complains the trial court disposed of her breach of a Rule 11 agreement without
hearing evidence on the claim. 

After reviewing the legal issues
presented, we conclude this appeal is not properly before us for lack of a
final appealable judgment.  While a
defendant may utilize a number of devices to defeat a plaintiff=s claim for relief
without having to resort to trial, none of them were utilized here.  See Ulloa v. Davila, 860 S.W.2d 202, 204 (Tex. App.CSan Antonio 1993, no writ)
(listing written motion for summary judgment, special exceptions, plea in
abatement, or other motion seeking dismissal or similar relief).  The trial court denied  the plaintiff=s original
petition without the benefit of a trial, motion for summary judgment, or other
dispositive proceeding.  While a turnover
order may be a final appealable order, here appellant=s original
petition contained an unresolved breach of contract claim.  While such claim may or may not be barred by
limitations, the trial court is not authorized to dismiss it sua sponte.  See id. at 203.  Moreover, the trial court=s order regarding
appellant=s request for a turnover order was not
severed from the breach of contract claim. 
Accordingly, unresolved claims remain before the trial court and there
is no final appealable judgment.

Accordingly, the appeal is dismissed for
want of jurisdiction.  

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed August 12, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.       











[1]   We do not
decide whether the amended petition was timely filed, whether appellant was
required to request leave to file, or whether the trial court was required to
consider the same.